IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HUGO ROMAN, individually and on behalf of all others similarly situated, </br></br>　　　　　Plaintiff, </br></br>　　v. </br></br>ZK TECHNOLOGY LLC, </br></br>　　　　　Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 23-15058 |

### NOTICE OF REMOVAL

1.　Under 28 U.S.C. § 1332(a), Defendant ZK Technology LLC ("Defendant") removes this action from the Circuit Court of Cook County, Illinois to the U.S. District Court for the Northern District of Illinois, Eastern Division.

2.　Jurisdiction is proper under Section 1332(a) because complete diversity exists – Plaintiff Hugo Roman ("Plaintiff") is an Illinois citizen, while Defendant is a limited liability company whose members are citizens of states other than Illinois (namely, New Jersey) – and based on Plaintiff's allegations, Plaintiff's individual claims might exceed $75,000 in value. *See Normand v. Orkin Exterminating Co.*, 193 F.3d 908, 910 (7th Cir. 1999) ("To maintain a suit in which the stakes must exceed some specified minimum, the plaintiff (or the defendant, if the suit is removed) need demonstrate no more than a good faith, minimally reasonable belief that the suit might result in a judgment in excess of that amount.").

3.　Subject matter jurisdiction also exists under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. § 1453(b). This putative class action is subject to this Court's jurisdiction under Section 1332(d)(2) because minimal diversity exists,

Plaintiff alleges that the total number of putative class members exceeds one hundred individuals (Compl. ¶ 32), and it is "not legally impossible" that the aggregate value of the putative class members' claims exceed $5,000,000. *See Spivey v. Vertrue*, 528 F.3d 982, 983 (7th Cir. 2008) (for removal under CAFA, defendant need only show recovery at the $5,000,000 threshold is "not legally impossible"); *Peatry v. Bimbo Bakeries USA, Inc.,* 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019) (holding that CAFA's $5,000,000 jurisdictional threshold was met because "[plaintiff's] complaint and BIPA together can plausibly be read to suggest that a violation of at least some of the BIPA provisions at issue allegedly occurred every time [plaintiff] and the putative class members clocked in and out of work"); *see also Cothron v. White Castle Sys., Inc.*, 216 N.E.3d 918, 926 (Ill. 2023) (holding that a BIPA claim accrues each time that biometric identifiers or information are collected or disseminated, and not only on the first scan and first transmission).

## CLAIMS ASSERTED AND RELIEF SOUGHT

4. Through his Class Action Complaint (the "Complaint"), Plaintiff purports to state statutory claims against Defendant under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA") on behalf of themselves and a putative class. Plaintiff alleges that Defendant violated BIPA by, among other things by: (a) failing to inform Plaintiff and other users of its biometric devices in writing that Defendant was collecting, storing, transmitting, and/or using their unique biometrics; (b) failing to inform Plaintiff and other users in writing the extent of the purposes for which their biometrics are being collected, stored, transmitted, and/or used; (c) failing to seek or obtain written consent to collect biometrics prior to doing so; (d) failing to make publicly available a written biometric retention and destruction schedule that is compliant with Section 15(a); and (e) failing to obtain Plaintiff's consent to disclose or otherwise disseminate his biometric data to its third-party vendors, such as Amazon Web Services, for data storage and redundancy purposes. (See Compl. ¶¶ 26-28.).

5. According to Plaintiff, Defendant is a provider of various biometric-enabled employee monitoring systems and cloud-based servers that it uses to store and service its customers' employees' data, including biometric data. (*Id.* ¶ 2.). During the relevant time period, Defendant has provided its biometric enabled solutions to Alliance Ground International, LLC ("AGI"). As an employee of AGI, Plaintiff has been required to scan his biometric identifiers, *i.e.,* his facial geometry and/or fingerprint, while using one of Defendant's time clocks that are utilized by AGI. Defendant's devices then transmitted Plaintiff's biometric information to Defendant's platform to provide employee management services to AGI. (*Id.* ¶¶ 21-24.).

6. Plaintiff claims that Defendant "knew or should have known, that distributing its biometrically enabled products in Illinois would result in the collection of biometric data of Illinois citizens, like Plaintiff, and thus subject Defendant to the requirements of BIPA." (*Id.* ¶ 25).

7. Plaintiff seeks to bring his BIPA claim on behalf of a putative class defined as:

> All individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period. (*Id.* ¶ 30.)

8. Plaintiff seeks injunctive relief, equitable relief, and statutory and other damages associated with Defendant's alleged misconduct, plus costs and attorneys' fees. (*E.g., id.* ¶ 46.) In particular, he seeks "statutory damages of $5,000 for each willful and/or reckless violation of BIPA" and "statutory damages of $1,000 for each negligent violation of BIPA." (*Id.*).

## JURISDICTION UNDER 28 USC § 1332(a)

9. Under 28 U.S.C. § 1332(a), this Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." For diversity jurisdiction purposes, "the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*,

3

32678051.1

487 F.3d 531, 534 (7th Cir. 2007). A corporation is "deemed to be a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77-92-93 (2010).

10. The jurisdictional requirements of 28 U.S.C. §1332(a) are satisfied here.

11. First, Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen of Illinois. (Compl. ¶ 15.) Defendant is a New Jersey limited liability company. It has only two members: one is an individual who is a citizen of New Jersey, and the other is a corporation that is both incorporated and headquartered in New Jersey. None of Defendant's members are citizens of Illinois. (Declaration of Jaimin Shah ("Shah Decl."), a copy of which is submitted herewith as **Exhibit A**, at ¶ 3.) Thus, complete diversity exists.

12. And second, Plaintiff's allegations put at least $75,000 in controversy for his claims alone. Specifically, Plaintiff alleges that he was required to use Defendant's devices for timekeeping purposes at a job he's held since December 2020, and that each time he checked in and out of work, Defendant collected his biometric identifiers and biometric information, allegedly resulting in as many three separately compensable violations of the statute, which provides for either $1,000 or $5,000 in statutory damages per violation. (*Id.* ¶¶ 21-24.) Thus, under a theory of liability according to which each separate scan can give rise to multiple violations of the statute, it is not legally impossible that the amount in controversy for Plaintiff's personal claims exceed $75,000. *See Bimbo*, 393 F. Supp. 3d at 769 (noting in a BIPA case that plaintiff's complaint could plausibly be read to allege that a BIPA violation occurred "every time [plaintiff] and the putative class members clocked in and out of work").

32678051.1

**JURISDICTION UNDER 28 USC § 1332(d)(2)**

13. The Court also has jurisdiction over this case under CAFA.

14. CAFA gives the Court original jurisdiction over "any civil action": (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). A "class action" is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B). To determine the amount in controversy under CAFA, the claims of the class members are aggregated. *Id.* § 1332(d)(6).

15. The jurisdictional requirements of 28 U.S.C. §1332(d)(2) are satisfied here.

16. First, this lawsuit is a "class action," in that Plaintiff seeks to bring BIPA claims on behalf of "[a]ll individuals whose biometrics were captured, collected, stored, used, transmitted, or disseminated by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period." (*Id.* ¶ 30.)

17. Second, the parties are at least minimally diverse for CAFA purposes. 28 U.S.C. § 1332(d)(2)(A); *see Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity exists under CAFA where class representatives were citizens of Illinois and defendant was a Delaware corporation with its principal place of business in Arizona). Here, Plaintiff is a citizen of Illinois, while Defendant is a citizen of New Jersey. (*See id.* ¶ 13.)

18. And third, according to Plaintiff's allegations, the aggregate amount of the putative class members' claims exceeds $5,000,000. Defendant denies that it violated BIPA and that this case is appropriate for class treatment. Nevertheless, Defendant's records reflect that over 100 individuals working in Illinois used products and services provided by Defendant that Plaintiff

5

claims violate BIPA. (Shah Decl. at ¶ 4.) Plaintiff alleges that each purported scan of those individuals' biometrics when they clocked in and out of work gave rise to multiple violations of BIPA, and that each such violation entitles the putative class members to either $5,000 or $1,000 of statutory damages. (*See*, *supra*, ¶ 44.) Thus, it is not legally impossible that the aggregate value of the putative class's claims exceeds $5,000,000, and jurisdiction is proper.

## PROCEDURE FOR REMOVAL

19. Defendant was served with the Complaint in this matter on September 18, 2023. (Shah Decl. ¶ 5.) Defendant is filing this notice within 30 days of the date of service. This Notice of Removal therefore is timely under 28 U.S.C. § 1446(b).

20. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the Circuit Court of Cook County, Illinois. 28 U.S.C. § 93(a)(1).

21. A copy of all process, pleadings and orders served upon ZK Technology are attached as **Exhibit B** in accordance with 28 U.S.C. § 1446(a).

22. ZK Technology is filing notice of the removal of this action with the Circuit Court of Cook County, Illinois in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted,

**ZK TECHNOLOGY, LLC**

By:   s/ Christopher G. Dean
      One of its attorneys

Christopher G. Dean (ARDC # 6292676)
Jacob D. Radecki (ARDC # 6321345)
MCDONALD HOPKINS LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654
312-280-0111
cdean@mcdonaldhopkins.com
jradecki@mcdonaldhopkins.com

6

32678051.1

## **CERTIFICATE OF SERVICE**

      I, Christopher G. Dean, an attorney, hereby certify that on October 17, 2023, I electronically filed **Defendant ZK Technology LLC's Notice of Removal** with the Clerk of the Court using the Electronic Case Filing System. The document was served on the following participant(s) listed below by e-mail and overnight mail, postage prepaid, on the October 17, 2023.

Brendan Duffner
Colin P. Buscarini
Jordan R. Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, Illinois 60601
Tel: (312) 893-7002
bduffner@mcgpc.com
cbuscarini@mchpc.com
jfrysinger@mcgpc.com

                                        /s/ Christopher G. Dean